STATE EX REL. FRED D. McMILLAN v. JULIUS A. SCHMAHL.[1]

May 23, 1918.

No. 21,007.

**Election — affidavit of filing — party affiliation of candidate.**

One who files as a candidate for office as a member of a political party which becomes defunct before the election may, notwithstanding his candidacy, affiliate with another political party, and may at a succeeding election file for nomination as the candidate of such other party.

Upon the relation of Fred D. McMillan the supreme court granted its order to show cause directed to Julius A. Schmahl, as secretary of the state of Minnesota, commanding him to refrain from causing the name of Thomas D. Schall to be placed upon the official primary bal-

[1]Reported in 167 N. W. 797.

lots of the several counties as an elector seeking nomination for representative in Congress. Order discharged.

*C. B. Elliott,* for relator.

*Clifford L. Hilton,* Attorney General, and *Rollin L. Smith,* Assistant Attorney General, for respondent.

HALLAM, J.

Thomas D. Schall has filed as a candidate for the Republican nomination for Congress. Petitioner asks the court to direct the secretary of state not to place his name on the ballot as a Republican because at the last election he filed and was nominated and elected as the candidate of the Progressive party and in opposition to a Republican candidate.

The statute provides that a candidate for nomination on a party ballot shall, in his affidavit of filing, state that he affiliated with said party at the last general election, and either that he did not vote thereat or voted for a majority of the candidates of said party. Section 339. Mr. Schall, in his filing affidavit, says he did affiliate with the Republican party at the last election and voted for a majority of its candidates. There is no showing that he did not so vote. There is no showing that he did not affiliate with the Republican party at that election, except as it may arise from the fact that at the same election he was the candidate of the Progressive party. If the Progressive party had continued as a political party down to the time of the election in 1916, there would be force to the contention that he could not be a candidate of that party and affiliate with another. But it did not. A political party is defined by statute as one maintaining a party organization and presenting candidates for election in each county in the state and which receives not less than five per cent of the total vote cast. G. S. 1913, § 336. Though there were party offices to be filled, from President down, the Progressive party had no candidate other than Mr. Schall. As a political party, it had expired. Mr. Schall was, to all intents and purposes, an independent candidate at that election. Unless it can be said that it is an impossible feat for one who is an independent candidate for office to affiliate with any political party at the same election, we must, in the absence of any showing to the con-

trary, accept Mr. Schall's sworn statement that he did affiliate with the Republican party at the last election. We think it is not impossible. We think a man may affiliate with a party, that is, unite with it and generally support its policies, though he opposes one of its candidates, even by his own independent candidacy.

Order to show cause discharged.

QUINN, J. (dissenting).

I am unable to concur in the majority opinion. It is not questioned but that Mr. Schall is eligible to the office which he seeks. But the question is, whether he is entitled to have his name placed on the official primary ballot as a candidate at the primary election of the Republican party, to be held on June 17, 1918.

It is alleged in the petition, and admitted in the answer, that on May 9, 1916, Mr. Schall made and caused to be filed in the office of the secretary of state an affidavit for the purpose of having his name placed on the official ballot for the primary election to be held on June 19, 1916, as a Progressive party elector; that he stated in such affidavit that he seeks the nomination as a Progressive party candidate and nominee for member of Congress; that at the last general election held in November, 1914, he affiliated with the Progressive party and voted for a majority of its candidates and that he intends to vote for a majority of the candidates of the Progressive party at the ensuing election in November, 1916. It further appears that his name appeared on such primary ballot as a Progressive party candidate; that he was duly nominated at such primary election; that his name appeared on the official ballot at the November, 1916, general election as a Progressive party candidate and he was duly elected by said party and is now serving his term of office under such election. It further appears that on May 3, 1918, he made and caused to be filed with the secretary of state an affidavit; that he belongs to the Republican party; that he affiliated with that party at the last general election and voted for a majority of the candidates of that party at such election. Just when Mr. Schall began his affiliation with the Republican party, whether at the time of the organization of the House of Representatives, to which he was elected, or subsequent thereto, does not appear. It requires no discussion, however, to demonstrate the utter inconsistency of the two affi-

davits. In the first (1916) he states that he seeks nomination as a Progressive elector, that he is affiliated with that party and intends to vote for a majority of its candidates at the 1916 election. In the second (1918) he states that in 1916 he was affiliated with the Republican party, and that he voted for a majority of its candidates at the 1916 election. Which affidavit is entitled to the greater weight? To give both credence is to trifle with the manifest purpose of the law which gives each political party, particularly in national affairs, the right to choose its candidates from among its own members. If this candidate was an Independent in 1916, he should have gone on the ballot as such.